FILED
CEDAR RAPIDS HDQTRS OFFICE
NORTHERN DISTRICT OF IOWA
JAN 19 1995
8:10
WILLIAM J. KANAK - Clerk
By [signature] Deputy

# United States District Court

## Northern District of Iowa

UNITED STATES OF AMERICA

v.

LaMarr Love

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: CR94-1003

Paul Papak, Ass't Federal Public Def.
Defendant's Attorney

THE DEFENDANT:

__ pleaded guilty to count(s) ________.
X was found guilty on counts 1, 2 & 3 of the February 23, 1994, Indictment after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. §841(a)(1) | Distribution of Cocaine | September 23, 1993 | 1 |
| 21 U.S.C. §§ 860(a) & 841(a)(1) | Distribution of Cocaine Within 1000 Feet of a Protected Location | September 30, 1993<br>October 2, 1993 | 2<br>3 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s) ________, and is discharged as to such count(s).
__ Count(s) ________ (is)(are) dismissed on the motion of the United States.
X It is ordered that the defendant shall pay a special assessment of $ 150.00, the total, for counts 1, 2 & 3 of the Indictment, which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 07-06-52

Defendant's Mailing Address:
1539 North 39th Street
Milwaukee, Wisconsin 53208

Defendant's Residence Address:
1539 North 39th Street
Milwaukee, Wisconsin 53208

January 13, 1995
Date of Imposition of Sentence

[signature]
Signature of Judicial Officer

Michael J. Melloy, United States District Judge
Name & Title of Judicial Officer

January 18, 1995
Date

Defendant: LaMarr Love
Case Number: CR94-1003

## IMPRISONMENT

..e defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWO-HUNDRED SEVENTY (270) MONTHS EACH on counts 1, 2 & 3, terms to run concurrently.

X The court makes the following recommendations to the Bureau of Prisons:

That defendant be placed at the Terminal Island, California federal facility if he meets the security classification. If not, then as close to that facility as possible.

X The defendant is remanded to the custody of the United States marshal.

__ The defendant shall surrender to the United States marshal for this district,

__ at ______.m. on ____________________.

as notified by the United States marshal.

__ ..s defendant shall surrender for service of sentence at the institution designated by the ..ureau of Prisons,

__ before 2 p.m. on ____________________.

__ as notified by the United States marshal.

__ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Defendant delivered on ____________ to ______________________________ at ____________ ______________________________, with a certified copy of this judgment.

______________________________
United States Marshal

By ______________________________
Deputy Marshal

Defendant: LaMarr Love
Case Number: CR94-1003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of SIX (6) YEARS EACH on counts 1, 2 & 3, terms to run concurrently.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional special conditions:

X The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

__ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release pursuant to a plan of payment established for him by his supervising probation officer.

X The defendant shall not possess a firearm or destructive device.

X The defendant shall participate in a program of testing bodily fluids & functions and treatment for drug & alcohol abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer.

X The defendant is prohibited from the use of alcohol while on supervision; and the defendant is prohibited from frequenting bars, taverns or other establishments whose primary source of income is derived from the sale of alcohol.

__ [The] defendant is prohibited from incurring new credit charges or opening additional lines of [cre]dit without approval from his probation officer unless he is in compliance with his fine [r]epayment schedule.

__ The defendant shall provide his probation officer access to any requested financial information.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) [as] directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's [crim]inal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to [con]firm the defendant's compliance with such notification requirement.

Defendant: LaMarr Love
Case Number: CR94-1003

## STATEMENT OF REASONS

__ The court adopts the factual findings and guideline application in the presentence report.

OR

X The court adopts the factual findings and guideline application in the presentence report except the court does not have to make any findings under relevant conduct or obstruction of justice because they have no impact on the sentence due to defendant's career offender status.

**Guideline Range Determined by the Court:**

Total Offense Level: 34

Criminal History Category: VI

Imprisonment Range: 262 to 327 months

Supervised Release Range: 6 to life years

Fine Range: $17,500.00 to $10,000,000.00

X Fine is waived because of the defendant's inability to pay.

Restitution: $N/A

__ Full restitution is not ordered for the following reason(s):

__ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

X The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons: (1) Defendant's prior criminal history of drug distribution, (2) severity of punishment for career offenders.

The undersigned has reviewed the foregoing judgment and it is approved as to form.

Daniel C. Tvedt 1-18-95
Assistant United States Attorney Date