# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | ‖ | No. CR94-1003-MJM |
| vs. | ‖ | |
| LAMARR LOVE, | ‖ | ORDER |
| Defendant. | ‖ | |

## I. INTRODUCTION

This matter comes before the court on the submission of several motions by the defendant. They include: (1) a "motion for modification of an imposed term of imprisonment pursuant to 'Title 18 U.S.C. § 3582(c)(2)'" (Docket No. 87); (2) "motion for modification of an imposed term of imprisonment pursuant to 'Title 18 U.S.C. § 3582(c)(2)'" (Docket No. 89); and (3) motion for status report (Docket No. 92). The defendant filed those motions on March 10, 2003, February 17, 2004 and July 13, 2004, respectively. For the following reasons, the defendant's motions shall be denied.

## II. BACKGROUND

On February 23, 1994, the grand jury returned and the government filed a three-count indictment against the defendant. Count one of the indictment charged the defendant with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). Counts two and three of the indictment charged the defendant with distribution of cocaine within 1000 feet of a protected location, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. 860(a). On July 5, 1994, the government filed an information pursuant to 21 U.S.C. § 851. Such information provided

the defendant with notice of the government's intent to seek enhanced penalties based on the defendant's three prior felony drug convictions. On July 12, 1994, the defendant's jury trial commenced. On July 14, 1994, the jury found the defendant guilty of the three counts contained in the indictment.

On January 13, 1995, the court conducted a sentencing hearing. At such hearing, the court found the defendant to be a career offender and determined the statutory maximum to be 30 years on count one and 60 years on count two and count three. When determining the statutory maximums for the three counts contained in the indictment, the court relied on 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 851 for count one and 21 U.S.C. § 841(b)(1)(C), 21 U.S.C. § 851 and 21 U.S.C. § 860(a) for count two and count three. Based on U.S.S.G. § 4B1.1 or the career offender guideline, the court determined the defendant's offense level to be 34 and criminal history to be Category VI. Given a guideline range of 262 to 327 months, the court sentenced the defendant to 270 months imprisonment and 6 years supervised release on each count contained in the indictment. The court ordered the sentences to run concurrently. On January 19, 1995, judgment entered against the defendant.

On January 23, 1995, the defendant appealed. The defendant raised numerous claims, including: (1) the court erred in admitting into evidence audiotapes of two controlled drug transactions because the tapes lacked an appropriate evidentiary foundation; (2) the court improperly admitted the tapes over a defense objection as to audibility; (3) the court erred when it allowed the jury to view transcripts of the audiotapes; (4) the government failed to obtain authorization and consent to intercept an oral communication; (5) the court abused its discretion when it denied his motion for a new trial; (6) the prosecutor made inappropriate comments during closing argument; (7) the court erred when it assessed career offender status because two prior felony convictions were based on involuntary guilty pleas; (8)

counsel provided ineffective assistance; 9) sentencing entrapment occurred; and (10) the court imposed an excessive sentence under amended commentary to the career offender sentencing guidelines. *See United States v. Love*, 81 F.3d 166 (Table), 1996 U.S. App. LEXIS 5399, 1996 WL 137309 (8th Cir. 1996). On March 27, 1996, the Eighth Circuit Court of Appeals affirmed the defendant's convictions and resulting sentence. *Id.*

Sometime prior to November 12, 1997, the defendant filed a petition for a writ of habeas corpus in the district of Minnesota. *See Love v. Tippy*, 128 F.3d 1258, 1258-59 (8th Cir. 1997). Such petition alleged that a prior state court conviction should not have been used to enhance his federal sentence because it was infected by an involuntary guilty plea and ineffective assistance of counsel. *Id.* The federal court in the district of Minnesota dismissed the petition for a writ of habeas corpus with prejudice. *Id.* On November 12, 1997, the Eighth Circuit Court of Appeals affirmed the decision of the federal court in the district of Minnesota. *Id.* Before affirming, the court construed the petition for a writ of habeas corpus as being filed under 28 U.S.C. § 2254 and 28 U.S.C. § 2255. *Id.*

On September 16, 1998, the defendant filed a motion pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. On October 5, 1998, the court denied the defendant's motion pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. On October 22, 1998, the defendant filed a motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. On February 16, 1999, the court denied the defendant's motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. On August 3, 2000, the defendant filed a motion for release. On September 6, 2000, the court denied the defendant's motion for release. Sometime prior to April 2, 2002, the defendant filed a writ of mandamus with the Eighth Circuit Court of Appeals. On April 2, 2002, the Eighth Circuit Court of Appeals denied the defendant's writ of mandamus.

On March 10, 2003, the defendant filed a "motion for modification of an imposed term of imprisonment pursuant to 'Title 18 U.S.C. § 3582(c)(2).'" On February 17, 2004, the defendant refiled his "motion for modification of an imposed term of imprisonment pursuant to 'Title 18 U.S.C. § 3582(c)(2).'"[1] In his motion for modification of an imposed term of imprisonment, the defendant claims his sentence should be reduced in light of Amendment 506. On March 2, 2004, the government filed a resistance to the defendant's motion for modification of an imposed term of imprisonment. In its resistance, the government argues the defendant is not entitled to rely on 18 U.S.C. § 3582(c)(2) because: (1) the Supreme Court declared the application of Amendment 506 to be invalid; (2) the Eight Circuit Court of Appeals already addressed this issue on direct appeal; and (3) even without application of the recidivist enhancement built into 21 U.S.C. § 841(b)(1)(C), the defendant's sentence would remain the same given the fact that the jury also convicted the defendant of violating 21 U.S.C. § 860(a). On March 17, 2004, the defendant filed a reply to the government's resistance. On July 13, 2004, the defendant filed a motion for status report. On July 26, 2004 and March 9, 2005, the defendant made additional inquiries regarding the status of his motion for modification of an imposed term of imprisonment.

The court now turns to address the merits of the defendant's pending motions.

---

[1] Because the defendant's March 10, 2003 motion and February 17, 2004 motion are identical, the court deems it appropriate to consolidate both motions and to refer to them hereinafter as a "motion for modification of an imposed term of imprisonment."

## III. ANALYSIS

A district court is unable to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). Nonetheless, several exceptions exist. Subsection two of 18 U.S.C. § 3582(c) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("[18 U.S.C. §] 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

On November 1, 1994, the Sentencing Commission amended the Guidelines Manual. *See* U.S.S.G. Appendix C, Amendment 506. U.S.S.G. § 1B1.10(a) sets forth the conditions that must exist before a defendant is entitled to be resentenced as a result of an amended guideline range. It states:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a); *see also* U.S.S.G. § 1B1.10, Commentary, Application Note 1 ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The Sentencing Commission included Amendment 506 within subsection (c). U.S.S.G. § 1B1.10(c); *see also* U.S.S.G. Appendix C, Amendment 504 (amending U.S.S.G. § 1B1.10(c) to include Amendment 506).

When it passed Amendment 506 in November of 1994, the Sentencing Commission amended the Commentary to U.S.S.G. § 4B1.1 captioned "Application Notes." *See* U.S.S.G. Appendix C, Amendment 506. Prior to November 1, 1994, Application Note 2 of the Commentary to U.S.S.G. § 4B1.1 provided:

> "'Offense Statutory Maximum' refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense."

*Id.* Pursuant to Amendment 506, Application Note 2 of the Commentary provided:

> "'Offense Statutory Maximum,'" for purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D)). For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory Maximum' for the purposes of this guideline is twenty years and not thirty years."

*Id.* When doing so, the Sentencing Commission defined "the term 'offense statutory maximum' in [U.S.S.G.] § 4B1.1 to mean the statutory maximum prior to enhancement based

6

on prior criminal record (i.e., an enhancement of the statutory maximum sentence that itself was based upon the defendant's prior criminal record will not be used in determining the alternative offense level under this guideline)." *Id.* (articulating reason for amendment). The Sentencing Commission also sought to avoid "unwarranted double counting as well as unwarranted disparity associated with variations in the exercise of prosecutorial discretion in seeking enhanced penalties based on prior convictions." *Id.* Essentially, Amendment 506 required a lower sentence to be imposed for career offenders because it disregarded the enhanced penalty that 28 U.S.C. § 841(b) provides for defendants who have a prior felony drug conviction.

The Sentencing Commission made additional amendments to U.S.S.G. § 4B1.1 on the following dates: November 1, 1995; November 1, 1997; and November 1, 2002. U.S.S.G. § 4B1.1 (noting history); *see also* U.S.S.G. Appendix C, Amendment 642; U.S.S.G. Appendix C, Amendment 567; U.S.S.G. Appendix C, Amendment 546; U.S.S.G. Appendix C, Amendment 528. Of those amendments, Amendment 567 significantly altered Application Note 2 of the Commentary to U.S.S.G. § 4B1.1. *See* U.S.S.G. Appendix C, Amendment 567 (responding to the Supreme Court's holding in *United States v. LaBonte*, 520 U.S. 751, 117 S. Ct. 1673, 137 L. Ed. 2d 1001 (1997)). Pursuant to Amendment 567, the Sentencing Commission amended Application Note 2 of the Commentary to reflect that "Offense Statutory Maximum" included the enhanced penalty that 28 U.S.C. § 841(b) provides for defendants who have a prior felony drug conviction. Application Note 2 of the Commentary to U.S.S.G. § 4B1.1 now provides:

> "Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal

7

record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (B), (C), and (D)). For example, in a case in which the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for that defendant for the purposes of this guideline is thirty years and not twenty years. If more than one count of conviction is a crime of violence or controlled substance offense, use the maximum authorized term of imprisonment for the count that has the greatest offense statutory maximum.

U.S.S.G. § 4B1.1, Commentary, Application Note 2.

For several reasons, the defendant's reliance on Amendment 506 is unavailing. First, in 1997 the Supreme Court invalidated Amendment 506 when it held the way in which the Sentencing Commission defined "maximum term authorized", for purposes of fulfilling the requirement under 28 U.S.C. § 994(h) to specify sentences for certain categories of career offenders at or near the maximum term authorized for those offenders, is inconsistent with the plain and unambiguous language of 28 U.S.C. § 994(h). *LaBonte*, 520 U.S. at 759-62; *cf. United States v. Fountain*, 83 F.3d 946, 953 (8th Cir. 1996) (concluding Amendment 506 is invalid because it is incompatible with the mandate of 28 U.S.C. § 994(h)). Rather than read "maximum term authorized" to mean the maximum term authorized for the offense of conviction not including any sentencing enhancement provisions that apply because of a defendant's prior criminal record, "maximum term authorized" must be read to include all applicable statutory sentencing enhancements. *LaBonte*, 520 U.S. at 759-62. Consequently, the court is unable to reduce the defendant's sentence based on the Sentencing Commission's amendment to the commentary accompanying the career offender guideline. *See United States v. Arnold*, 115 F.3d 621, 622 (8th Cir. 1997) (relying on *LaBonte* to conclude district court erred when it relied on Amendment 506 to reduce the defendant's sentence).

Second, the Eighth Circuit Court of appeals already addressed whether Amendment 506 applied to the defendant's sentence. *See United States v. Love*, 81 F.3d 166 (Table), 1996 U.S. App. LEXIS 5399, 1996 WL 137309 (8th Cir. 1996). Indeed, the Eighth Circuit Court of Appeals rejected the defendant's argument that the court imposed an excessive sentence under the amended commentary to the career offender guideline. *Id.* When it did so, the Eighth Circuit Court of Appeals stated that "the commentary dictated the offense level he received." *Id.* (citing U.S.S.G. § 4B1.1, Commentary, Application Note 2 and U.S.S.G. § 4B1.1(B)). Because the Eighth Circuit Court of Appeals already addressed whether Amendment 506 applied to the defendant's sentence, the court lacks the authority to reduce the defendant's sentence based on the retroactive application of Amendment 506. *Cf. Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (concluding defendant could not raise claims already addressed on direct appeal); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding defendant "cannot raise the same issues [. . .] that have been decided on direct appeal or in a new trial motion"); *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated . . . ."); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding defendant is not entitled to another review of his question).

Finally, regardless of whether Amendment 506 is or is not invalid, the defendant's sentence of 270 months imprisonment would remain the same on count two and count three. As previously mentioned, the court utilized U.S.S.G. § 4B1.1 for each of the counts contained in the indictment because the defendant qualified as a career offender. Based on 21 U.S.C. § 941(b)(1)(C) and 21 U.S.C. § 860(a), the court determined the statutory maximum to be 30 years on count one and 60 years on count two and count three. Even if the court elected not to apply the recidivist enhancement built into 21 U.S.C. § 841(b)(1)(C) and determined the statutory maximum to be 20 years on count one and 40 years on count

two and count three, the defendant's offense level would remain at 34 and his criminal history would remain at Category VI for count two and count three. *See* U.S.S.G. § 4B1.1; U.S.S.G. § 4B1.1(B). Because he violated 21 U.S.C. § 860(a), the defendant is unable to reduce the previously imposed sentence of 270 months imprisonment on count two and count three.

In sum, the defendant is unable to utilize 18 U.S.C. § 3582(c)(2) to reduce his sentence of 270 months imprisonment. Accordingly, the defendant's motion for modification of an imposed term of imprisonment shall be denied. Having determined that the defendant is not entitled to modification of the imposed term of imprisonment, the court shall deny as moot the defendant's motion for status report.

**IT IS THEREFORE ORDERED**:

1) The defendant's a "motion for modification of an imposed term of imprisonment pursuant to 'Title 18 U.S.C. § 3582(c)(2)'" (Docket No. 87) and "motion for modification of an imposed term of imprisonment pursuant to 'Title 18 U.S.C. § 3582(c)(2)'" (Docket No. 89) are DENIED.

2) The defendant's motion for status report (Docket No. 92) is DENIED as moot.

**DATED** this _26th_ day of _Sept._, 2005.

_____
Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation